IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GARY ROUNDTREE, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-cv-02675-M |
| | § | |
| RAYTHEON, | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Defendant Raytheon's[1] Partial Motion to Dismiss (ECF No. 34) is **GRANTED IN PART** and **DENIED IN PART**. Where granted, the dismissal is without prejudice to the Plaintiffs amending by April 15, 2024, unless the dismissal is stated to be with prejudice. The Plaintiffs may amend only as to the matters set out herein. An Order regarding the Motion to Sever (ECF No. 54) shall issue separately.

**I.    Factual Matters[2]**

Plaintiffs Gary Roundtree, Ollie Dailey, Gerry Lewis, Antonio James, and Corey Polite are Black men who worked for Raytheon as machinists, and who will be collectively called the "Machinist Plaintiffs." They assert claims for failure to promote, pay discrimination and retaliation, and several assert hostile work environment claims, all under 42 U.S.C. § 1981.

---

[1] Defendant states that the company Plaintiffs sued, Raytheon Technologies, Corp. is now known as RTX, but that Plaintiffs were employed by Raytheon Company. The Court will resolve this issue at trial, but will, as counsel do, refer to the Defendant as Raytheon.

[2] At the motion to dismiss stage, the Court accepts all of Plaintiffs' well-pled facts as true. *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007) (per curiam). Four years is the relevant period of limitations for Plaintiffs' § 1981 claims so that, with few exceptions, the Court does not recite undated facts or facts preceding November 30, 2018, given that the original Complaint was filed on November 30, 2022. ECF No. 1; s*ee Kathy Nguyen v. Brink's, Inc*., No. 3:18-CV-00235-N, 2019 WL 130284, at *1–2 (N.D. Tex. Jan. 8, 2019).

Plaintiffs Heather Davis, Latoya Stuart, Silvia Matthews, Marian Payne, and Billy Kelly, collectively called the "Accounting Plaintiffs," were all Black temporary accounting employees for Raytheon who claim they were discriminated against when they, unlike similarly situated non-Black temporary accounting employees, were not offered permanent employment by Raytheon. Davis also claims retaliation and a hostile work environment. These Plaintiffs will be collectively called the "Accounting Plaintiffs." They seek by agreement to pursue their claims separately from the Machinist Plaintiffs.

### A. Machinist Plaintiff Claims

#### 1. Gary Roundtree

Roundtree went to work for Raytheon in October 2017. In the Second Amended Complaint, filed in June 2023, Roundtree claims he repeatedly applied for the Senior Machinist position beginning "three or four years ago." ECF No. 29, Second Amended Complaint, "SAC," ¶¶ 209, 213. He was not promoted to the Senior Machinist position, but claims he is doing the work of that position, but is not being compensated at that level.[3] He claims to have reported the pay disparity to Raytheon's HR department on March 22, 2023, but alleges he was told he was paid "in line with his peers." *Id.* ¶¶ 218–19.

Roundtree also claims that 1–2 years ago, he sought a promotion to Value Stream Leader (previously apparently called "PR"), but that non-Black employees less qualified than he received the promotion, but he did not. He alleges this occurred because he is Black and in retaliation for his frequent complaints of discrimination, including to HR. Roundtree attaches to the SAC a letter he sent to the President of Raytheon Missiles and Defense, describing discriminatory events that allegedly happened to him or to other Plaintiffs because of their race.

---

[3] ¶ 213 of the SAC, ECF No. 29, obviously contains a typo, omitting the word "not" in describing Roundtree's pay.

Among other things, he states the plant where he was employed on Lemmon Avenue was scheduled for closing at the end of 2023 in retaliation for his attempts to unionize it.  ECF 29-1 at 2.[4]  This letter is being considered by the Court only insofar as it constitutes notice to Raytheon.  It is not a substitute for the assertion of claims by the individual Machinist Plaintiffs in a Complaint.

Roundtree does not plead the names of the persons he claims were his comparators for the Senior Machinist position, but inferentially, it is all persons who became Senior Machinists from November 2018–22, the four-year period before suit was filed.  He does not identify by name non-Black persons who became Value Stream Leaders, who were allegedly less qualified than he.

In connection with his retaliation claim, Roundtree pleads that he sent a letter to Greg Hayes, Raytheon's CEO, reporting discrimination and retaliation (ECF No. 37 at 13–14, citing SAC ¶¶ 239–46).  However, he does not identify when he applied for the various positions he claims he sought, and whether those applications preceded his sending the letter to Mr. Hayes.

Roundtree does not plead events constituting a hostile work environment which he claims to have experienced.

### 2. Ollie Dailey

Dailey has been a Production Specialist with Raytheon since 2017.  In 2020, he claims to have seen white supremacist and QAnon materials in the men's room.  He pleads that he reported the presence of QAnon materials to the second shift manager, who removed them.  SAC ¶¶ 275–77.  He claims these incidents created a hostile work environment.

Dailey also alleges he should have been promoted to a Senior Production Specialist

---

[4] The Plaintiffs allege non-Black employees at the Lemmon Avenue plant are being offered other positions elsewhere at Raytheon, but that Black employees are not.  The Court has no information about whether the projected closing and projected terminations occurred.

position, but does not state that he ever applied for that position.  He pleads that three non-Black employees were promoted to, or hired into, Senior Production Specialist positions.  He identifies at least some by name (*id.* ¶ 258), and claims they made $5–$6 per hour more than he did but were less qualified than he was, as evidenced by his training them.  He cites a comment he says was made by a Raytheon hiring manager, that "he did not like how Mr. Dailey presented himself," and claims that in context, the comment was racist.  *Id.* ¶¶ 265–66.  He claims to have reported that comment to Raytheon's counsel and investigator, before suit was filed.

### 3. Gerry Lewis

Lewis has been a Production Specialist at Raytheon since 2007.  The SAC pleads that 2–3 years ago he became a supervisor, after complaining when someone else was initially selected, and then the original decision was undone.  Lewis pleads that he is paid less than two White supervisors who he identifies by name (*id.* ¶ 280), and claims that discrepancy is because he is Black.

### 4. Antonio James

James has been a machinist for Raytheon since 2012.  He claims that he applied unsuccessfully for a Value Stream Leader position, but that three less qualified non-Black employees were selected instead.  He also claims he participated in a Raytheon apprentice machinist training program, but unlike White employees, he did not receive a raise after doing so.  He also claims he applied for 5–7 unidentified "machinist positions" (*id.* ¶ 316).[5]  Mr. James pleads no hostile work environment facts.

---

[5] He says he applied in 2020, but then says that he had been an employee for five years when he applied.  SAC ¶ 313.  Five years from his hiring by Raytheon would be 2017, and claims over such an application would be barred by limitations, so the Court assumes the relevant date is 2020.

### 5. Corey Polite

Polite has been a Senior Production Specialist for Raytheon since September 2007. He says he applied for a "machinist position" in 2018, but was not "released" from his current position.[6] He also applied in 2021 for a PR (Value Stream Leader) position, for which he claims a White person, less qualified than he, was selected, and he contends his supervisor admitted to him that the decision not to promote him was because Polite was Black. He also alleges that for a decade he has been performing what is presumably a higher, but undefined position, "N95," but that he is not being compensated for those greater responsibilities. He seems to be claiming he applied for other undesignated positions he did not get because he is Black and only non-Black employees were promoted. *See* SAC ¶¶ 330–33, 338, 348, 353–55.

Although Roundtree in the letter attached to the Complaint refers to an incident allegedly involving Polite seeing a noose, no such claims or other claims of hostile work environment are asserted by Polite in the Complaint.

### B. Accounting Plaintiff Claims

The Accounting Plaintiffs are Black temporary staffers who provided accounts payable support services at Raytheon, but who were not offered permanent employment, allegedly because they are Black. One Plaintiff, Davis, also claims she was retaliated against because after she was told the date her temporary position would end, she complained of race discrimination, but she was still terminated on that same date. She also complains of previous race discrimination and a hostile work environment, but provides in the Complaint no details at all of either.

---

[6] All of these Plaintiffs are called "Machinist Plaintiffs," but the pleadings inexplicably allege several applied to be machinists.

## II. Legal Standard

To survive a motion to dismiss brought under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Gaspard v. Texas Dep't of Pub. Safety*, No. 3:20-CV-03657-M, 2022 WL 2918105, at *1 (N.D. Tex. July 22, 2022) (Lynn, C.J.) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must provide more than an unadorned accusation devoid of factual support, but need not include detailed factual allegations. *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although the Court must presume a plaintiff's factual allegations are true, legal conclusions couched as factual allegations are not given the same deference. *See Twombly*, 550 U.S. at 555.

## III. Analysis

For the Machinist Plaintiffs, Raytheon moves to dismiss claims of disparate treatment based on promotion[7] and pay, hostile work environment, and retaliation. ECF No. 35 at 14–30. For the Accounting Plaintiffs, Raytheon seeks dismissal of disparate treatment and retaliation claims. ECF No. 35 at 30–32.

Section 1981 forbids discrimination on the basis of race in making or enforcing a contract, including an employment contract. 42 U.S.C. § 1981. "Claims of racial discrimination brought under § 1981 are governed by the same substantive legal standards and evidentiary framework applicable to discrimination claims brought under Title VII." *Mitchell v. Sorenson Commc'n*, No. 3:23-CV-0185-L-BH, 2023 WL 8832813, at *3 (N.D. Tex. Dec. 1, 2023), *report and recommendation adopted*, No. 3:23-CV-185-L, 2023 WL 8851641 (N.D. Tex. Dec. 21, 2023).

---

[7] Raytheon argues that the correct limitations period for Plaintiffs' failure to promote claims is two years. That determination is fact intensive. Raytheon's own citation for this proposition, *Fonteneaux v. Shell Oil Co.*, concerned summary judgment. No. CIV.A. H-05-4033, 2007 WL 7210406, at *2 (S.D. Tex. Dec. 14, 2007), aff'd, 289 F. App'x 695 (5th Cir. 2008). The Court declines to resolve that issue on the pleadings.

A plaintiff must plead two elements to support a disparate treatment claim: (1) an adverse employment action, (2) taken against a plaintiff because of the plaintiff's protected status. *Cicalese v. Univ. of Texas Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019). If a plaintiff cannot show that the disparate treatment was because of the plaintiff's protected status, allegations regarding more favorable treatment of similarly situated employees outside of the relevant protected class will suffice. *Raj v. Louisiana State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013).

Under *Hamilton v. Dallas Cnty.*, 79 F.4th 494, 502–03 (5th Cir. 2023) (en banc), to plead an adverse employment action, a plaintiff need only allege facts plausibly showing discrimination in hiring, firing, compensation, or in the terms, conditions, or privileges of his or her employment, and a non-de minimis injury. *Harrison v. Brookhaven Sch. Dist.*, 82 F.4th 427, 430, n.3 (5th Cir. 2023) (confirming that *Hamilton* applies to claims brought under 42 U.S.C. § 1981).

A hostile work environment claim requires that a plaintiff allege the plaintiff (1) belongs to a protected class; (2) was the victim of unwelcome harassment; (3) the harassment was based on the plaintiff's protected status; (4) the harassment affected a term, condition, or privilege of the plaintiff's employment; and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action. *Gaspard*, 2022 WL 2918105, at *3 (citing *Harvill v. Westward Comm'ns, LLC*, 433 F.3d 428, 434 (5th Cir. 2005)). The harassment must be both "objectively hostile or abusive" and subjectively perceived by the victim as abusive. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21–22 (1993). "Section 1981 plaintiffs must identify injuries flowing from a racially motivated breach of their own contractual relationship, not of someone else's." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 480 (2006).

To establish retaliation, a plaintiff must show (1) the plaintiff engaged in protected activity; (2) was subjected to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action. *Wright v. Union Pac. R.R.*

7

*Co.*, 990 F.3d 428, 433 (5th Cir. 2021).

### A. Gary Roundtree

Roundtree asserts that he should have been, but was not, promoted to the Value Stream Leader or Senior Machinist positions. He has sufficiently pleaded a disparate treatment claim as to these promotions.

To the extent that Roundtree pleads a disparate treatment claim based on pay, that claim is dismissed with prejudice. Roundtree only pleads that Senior Machinists are paid more than he is, but Roundtree is not a Senior Machinist. SAC ¶¶ 210–11. This is a failure to promote claim, not a pay claim.

Roundtree does not plead any unwelcome harassment in support of a hostile work environment claim. Any such claim is therefore dismissed with prejudice.

In support of his retaliation claim, Roundtree says he sent a letter to Greg Hayes, Raytheon's CEO, reporting discrimination and retaliation. ECF No. 37 at 13–14 (citing SAC ¶¶ 239–46). He also says he reported to HR that he had applied for many positions for which he was qualified, but not selected. Roundtree does not plead when he applied or if such applications came before or after his reports of discrimination. The Court cannot engage in an analysis of whether the adverse actions taken against Roundtree were proximate to Roundtree's protected activity so as to find a causal connection between the two. *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 472 (5th Cir. 2016). Thus, Roundtree has failed to plead a claim for retaliation, and that claim is dismissed without prejudice.

### B. Ollie Dailey

Dailey compares his pay to that of Senior Production Specialists, but Dailey is a Production Specialist, so this comparison cannot support a disparate treatment claim based on pay and such a claim is dismissed with prejudice. Dailey does satisfactorily allege race discrimination

in a failure to promote him.

Dailey alleges as a basis for a hostile work environment the presence of racially insensitive items in a Raytheon bathroom, and a statement by a Raytheon hiring manager that he did not like how Dailey presented himself.  These claims do not suffice to state a claim of hostile work environment.  *Harris*, 510 U.S. at 21 (a hostile work environment is one where the "workplace is permeated with 'discriminatory intimidation, ridicule, and insult,' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment . . . .'" (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986)); *Roberts v. Texas Dep't of Hum. Servs.*, 275 F.3d 1083, at *2 (5th Cir. 2001); *Garvin v. Sw. Corr., L.L.C.*, 391 F. Supp. 3d 640, 651 (N.D. Tex. 2019).  That claim is dismissed with prejudice.

Dailey claims retaliation, but though he claims to have engaged in protected activity, he does not show a resulting adverse action.  ECF No. 37 at 15.   Further, Dailey does not date any failure to promote to support a temporal analysis of how his protected activity related to an adverse employment action.  That claim is dismissed without prejudice.

### C. Gerry Lewis

By alleging that he is paid less than his similarly situated White peers because he is Black, Lewis has sufficiently pleaded disparate treatment based on pay.  SAC ¶¶ 280, 287, 302–03. Lewis does not plead a failure to promote, hostile work environment, or retaliation claim. Any such claims are therefore dismissed with prejudice.

### D. Antonio James

James sufficiently pleads disparate treatment based on pay.

James does not plead a hostile work environment claim.  In response to the Partial Motion to Dismiss, he adopts a statement in Roundtree's October 5, 2022, letter that James was "called a thug because of his braids." ECF No. 37 at 17.  That allegation is not in the Complaint, but even if

9

it were, that allegation does not state a hostile work environment claim and is therefore dismissed with prejudice. *Harris*, 510 U.S. at 21; *Roberts*, 275 F.3d at *2; *Garvin*, 391 F. Supp. 3d at 651.

James alleges that because he joined this lawsuit, Raytheon has retaliated against him by denying him 5–7 machinist positions since January 2023. However, James does not identify when he made any application, who denied it, how that person knew James was a party to this lawsuit, and how Raytheon's behavior towards James changed in reaction to this lawsuit. *Compare Wright*, 990 F.3d at 434 and *Mitchell*, 2023 WL 8832813, at *3. That claim is dismissed without prejudice.

### E. Corey Polite

Polite alleges that in 2018, he applied for and was denied a machinist position because his manager would not release Polite from his then-current position because he is Black and that in 2020, he applied for a PR (Value Stream Leader) position. ECF No. 37 at 18. Polite has sufficiently pleaded failure to promote claims. The 2018 claim may be barred by limitations when the specific date of the application is known. If Polite is attempting to advance a failure to promote claim regarding an N95 position, any such claim is dismissed without prejudice, because Polite does not plead that he ever applied for such a position or other attendant details necessary to state such a claim. With respect to a disparate treatment claim based on pay for N95 work, that claim is not detailed and is dismissed without prejudice.

Polite does not attempt to plead a retaliation claim, failing to identify any protected activity that allegedly led to an adverse employment action. ECF No. 37 at 18. Any such claim is dismissed with prejudice.

### F. Accounting Plaintiffs

The Accounting Plaintiffs claim that they were terminated and not transitioned from temporary to permanent employment because they are Black, and that Raytheon instead gave all

the positions to non-Black persons with less qualifications.[8]  This adequately pleads a disparate treatment claim.

Only Davis pleads a retaliation claim, alleging that she was terminated because she reported discrimination.  ECF No. 37 at 21.  She seemingly does not contest that her termination date was scheduled before she engaged in protected activity.  This flaw is fatal to her retaliation claim.  *Chhim*, 836 F.3d at 472 (affirming dismissal of plaintiff's retaliation claim because the defendant "could not have refused to hire [plaintiff] in retaliation for grievances he had not yet filed").  This claim is dismissed without prejudice to Plaintiff pleading a different sequence of events than the Court understands occurred.

## IV.    Conclusion

Defendant's Partial Motion to Dismiss is **DENIED IN PART** and **GRANTED IN PART** as stated above.   Additionally, all claims arising out of events prior to November 30, 2018, are dismissed with prejudice as barred by limitations.

**SO ORDERED.**

March 28, 2024.

*[signature]*
BARBARA M. G. LYNN
SENIOR UNITED STATES DISTRICT JUDGE

---

[8] Although Davis was kept on for approximately four months longer than the other Accounting Plaintiffs, she also was not selected for a permanent position and has adequately pleaded that her later termination was the result of disparate treatment.